THOMAS, Judge.
Robert Andrew Bradford (“the father”) appeals from a judgment of the Tallapoosa Circuit Court awarding custody of the parties’ child (“the child”) to Jenny Lynne Fuller (“the mother”).
The only issue raised on appeal is whether the Tallapoosa Circuit Court had subject-matter jurisdiction over the child-custody proceedings pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), codified at § 30-3B-101 et seq., Ala.Code 1975; therefore, a detailed recitation of the facts is not necessary. The child was born in Alabama on December 7, 2009. The parties to this appeal were never married. The record indicates that the parties began cohabiting in Alexander City around the time the child was born. In mid-July 2012, the parties and the child moved from Alexander City to Petal, Mississippi, for the father to attend college and also to work for the child’s paternal grandfather. The parties and the child lived with the child’s paternal grandparents for one month in Mississippi before moving into an apartment. The mother, taking the child with her, left Mississippi and returned to *899 Alexander City on January 3, 2013; the mother and the child remained in Alabama and did not return to Mississippi.
On February 25, 2013, in response to a petition filed by the father, the Chancery Court of Forrest County, Mississippi (“the Mississippi Court”), entered a temporary order (“the Mississippi order”) awarding the parties joint legal and physical custody of the child. The father, on February 26, 2013, filed in the Tallapoosa Circuit Court, Dadeville Division (“the Dadeville court”), a verified petition to enforce the Mississippi order and to request emergency physical custody of the child. The Dadeville court entered an order on February 27, 2013, registering the Mississippi order, and it also issued a writ of assistance instructing that the child was to be delivered to the father. On that same day, the mother filed in the Dadeville court a motion seeking to set aside the orders registering the Mississippi order and issuing the writ of assistance; that same day, the Dadeville court entered an order staying enforcement of its previous orders.
Also on February 27, 2013, the mother filed in the Tallapoosa Circuit Court, Alexander City Division (“the trial court”), a petition for custody of the child. The Dadeville court entered an order on March 11, 2013, transferring the father’s petition to the trial court, which consolidated it with the petition filed in the trial court by the mother. The trial court entered an order on March 22, 2013, stating that, after holding a hearing, it had determined that Alabama was the child’s home state, determining that the Mississippi court did not have jurisdiction over the child, and dismissing the father’s petition to enforce the Mississippi order. After the entry of the trial court’s order, the father filed an answer to the mother’s petition and a counterclaim for custody on April 4, 2013; the mother answered the father’s counterclaim on April 5, 2013. On May 23, 2013, the trial court entered a pendente lite order, incorporating an agreement of the parties that, in pertinent part, awarded each party physical custody of the child on a rotating weekly basis.
The trial court held a trial on February 18 and 26, 2014, after which it entered a judgment on February 27, 2014. In its judgment, the trial court awarded the parties joint legal custody of the child, awarded the mother sole physical custody, awarded the father standard visitation, and ordered the father to pay monthly child support. The father filed a motion to alter, amend, or vacate the trial court’s judgment on March 31, 2014, in which he again argued, among other things, that Alabama was not the child’s home state.[1] The trial court denied the father’s post-judgment motion on, June 4, 2014. The father filed a timely notice of appeal to this court on July 15, 2014.
The father’s only argument on appeal is that the trial court committed reversible error when it determined that it had subject-matter jurisdiction over this action involving an initial custody determination.
“ ‘ “[Sjubject-matter .jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” ’ S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005) (quoting C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)). Questions of law, such as whether a court has subject-matter jurisdiction, are reviewed de novo. BT *900 Sec. Corp. v. W.R. Huff Asset Mgmt. Co., 891 So.2d 310 (Ala.2004)
K.R. v. Lauderdale Cnty. Dep’t of Human Res., 133 So.3d 396, 403-04 (Ala.Civ.App.2013).
“ ‘[T]he [UCCJEA], codified at Ala. Code 1975, § 30-3B-101 et seq., controls decisions regarding whether a court of this state has jurisdiction to make a child-custody determination or to modify another state’s child-custody determination. M.J.P. v. K.H., 923 So.2d 1114, 1116-17 (Ala.Civ.App.2005). A “child-custody determination,” as defined in the UCCJEA, includes any judgment providing for the legal or physical custody of a child or providing visitation with a child. § 30-3B-102(3). A “child-custody proceeding” is defined in the UC-CJEA to include not only divorce actions involving the custody of a child, but also “neglect, ... dependency, ... [and] termination of parental rights” actions in which the issue of child custody is addressed. § 30-3B-102(4).’
“R.W. [v. G.W.], 2 So.3d [869,] 871 [ (Ala.Civ.App.2008) ].”
J.D. v. Lauderdale Cnty. Dep’t of Human Res., 121 So.3d 381, 384 (Ala.Civ.App.2013). Mississippi has also adopted the UCCJEA, codified at Miss.Code. Ann. § 93-27-101 et seq.
Section 30-3B-201, Ala.Code 1975, sets forth when an Alabama court has jurisdiction to make an initial custody determination:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
“(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
“(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
An Alabama circuit or juvenile court may not make any custody determination — neither an initial custody determination nor a determination as to modification of custody — regarding a child unless that court has jurisdiction to make an initial custody determination under the UC- *901 CJEA, which jurisdiction typically turns on whether Alabama is the home state of the child. The UCCJEA defines “home state” in § 30-3B-102(7), Ala.Code 1975, which reads, in its entirety:
“The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of the child or any of the mentioned persons is part of the period.”
We find this court’s reasoning in J.H. v. C.Y., 161 So.3d 233 (Ala.Civ.App.2014), to be instructive in the case presently before us. In J.H., the mother and the child had lived in Mississippi from the child’s birth on June 14, 2010, until October 30 or 31, 2011, when they moved to Alabama to live with the father; the mother and child moved back to Mississippi on January 10, 2012. 161 So.3d at 235. The child continued to visit the father in Alabama, and, on May 21, 2012, during one of his visitation periods, the father filed a petition in an Alabama juvenile court seeking custody of the child. Id.
As in the present case, the mother in J.H. argued on appeal only that the Alabama juvenile court did not have subject-matter jurisdiction to adjudicate an initial custody determination of the child. Id. at 236. Citing our supreme court’s decision in Ex parte Siderius, 144 So.3d 319, 324 (Ala.2013), this court in J.H. explained:
“ § 30-3B-201(a)(l) contains two provisions for identifying if a home state exists for purposes of determining jurisdiction. Under the first provision, a state is a home state if the child has lived in the state with a parent for at least six consecutive months immediately before the commencement of the proceeding, allowing for temporary absences from the state. The second provision of § 30-3B-201(a)(l) extends the time frame of the first provision by providing for jurisdiction if the state ‘was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.’ (Emphasis added.)”
161 So.3d at 239.
In J.H., this court first determined that, because the child had not lived in Alabama or Mississippi for six months immediately preceding the filing of the father’s petition for custody, neither state was the child’s home state according to the first provision of § 30-3B-201(a)(l). Id. at 239. This court next examined whether Alabama or Mississippi could be the child’s home state pursuant to the second provision of § 30-3B-201(a)(l), concluding again that the neither state was the child’s home state. Id. at 240. However, this court also determined that, because the child had no home state as defined by the UCCJEA, but had significant connections with Alabama, the Alabama juvenile court could exercise jurisdiction pursuant to § 30-3B-201(a)(2). Id. at 238. For that reason, this court ultimately affirmed the Alabama juvenile court’s judgment. Id. at 239.
Likewise, in the present case, it is undisputed that the child had not lived in either Alabama or Mississippi for six consecutive months immediately preceding February 26, 2013, the date the father filed the petition to enforce the Mississippi order. The record indicates that the parties and the child had lived in Alabama from birth of the child, December 7, 2009, until sometime in mid-July 2012, when they moved to Mississippi. The mother and the child left Mississippi and returned *902 to Alabama on January 3, 2013. Therefore, neither Alabama nor Mississippi was the child’s home state pursuant to the first provision of § 30-3B-201(a)(l).
It also appears that neither Alabama nor Mississippi was the child’s home state under the second provision of § 30-3B-201(a)(1). The child lived in Alabama from her birth until mid-July 2012, approximately two and one-half years; clearly, during that time Alabama was the child’s home state. However, the six-month period before the father filed the petition to enforce the Mississippi order extended back only to August 26, 2012, after the parties and the child had moved to Mississippi; therefore, under the second provision of § 30-3B-201(a)(l), neither Alabama nor Mississippi was the child’s home state during that period. The same result occurs if we count forward from the time the child left the home state of Alabama (mid-July 2012) through the necessary six months (until mid-January 2013), when Alabama could have been considered the child’s home state under the second provision of § 30-3B-201(a)(l), because the father’s petition was not filed until February 26, 2013. See Ex parte Siderius, 144 So.3d at 326 (“[Section] 30-3B-201(a)(l) must be construed to extend home-state jurisdiction under § 30-3B-102(7) for an additional six months.”); see also J.H., 161 So.3d at 240. Additionally, the second provision of § 30-3B-201(a)(1) requires that a parent continue to live in the home state during the child’s absence; however, it is undisputed that the mother also moved to Mississippi during the relevant period. See § 30-3B-201(a)(1).
Having found that the child did not have a home state, we note that § 30-3B-201(a)(2) provides that an Alabama court may exercise jurisdiction if there is no home state or the home state of the child declines jurisdiction and
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.”
It is clear that the child and the mother in the present case have significant connections to Alabama. The trial court heard testimony regarding the child’s extended family, preschool, and doctors located in Alabama. Based on that testimony alone, this court could conclude that, as in J.H., the trial court correctly exercised jurisdiction over this case seeking an initial custody determination. However, unlike J.H., our review of the record reveals that there was also evidence presented to the trial court regarding the father’s and the child’s significant connections to Mississippi, including the child’s extended family and preschool there. As noted above, Mississippi has also adopted the UCCJEA, and, applying the same analysis, the Mississippi court could have reasonably determined that it had jurisdiction when it entered the Mississippi order on February 25, 2013.
The mother did not file her petition for custody in an Alabama court until after the father attempted to enforce the Mississippi order, and the record indicates that the trial court was aware that a proceeding had been commenced in the Mississippi court. Section 30-3B-206(b), Ala.Code 1975, provides, in pertinent part:
“If [a] court [of this state] determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other *903 state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.”
(Emphasis added.)
The- record before us on appeal does not indicate that the trial court attempted to contact the Mississippi court before dismissing the father’s petition to enforce the Mississippi order. We disagree with the mother that this failure to communicate was harmless error. Section 30-3B-110, Ala.Code 1975, provides, in its entirety:
“(a) A court of this state may communicate with a court in another state concerning a proceeding arising under this chapter.
“(b) The court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made. '
“(c) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.
“(d) Except as otherwise provided in subsection (c), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.
“(e) For the purposes of this section, ‘record’ means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.”
See also B.N. v. Madison Cnty. Dep’t of Human Res., 151 So.3d 1115 (Ala.Civ.App. 2014), and B.B. v. L.W., 163 So.3d 1042 (Ala.Civ.App.2014).
At this time, we express no opinion regarding the appropriate court to exercise jurisdiction over this matter. However, because the trial court failed to communicate with the Mississippi court, we reverse the judgment of the trial court and remand this cause for the trial court to comply with § 30-3B-206(b). We further remind the trial court that the parties must be granted access to a record of the communications between the courts, see §. 30-3B-110(d), and given an “opportunity to present facts and legal arguments before a decision on jurisdiction is made.” see § 30-3B-110(b).
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. The 30th day after the judgment was entered was Saturday, March 29, 2014. Therefore, the father had until Monday, March 31, 2014, to file a postjudgment motion. See Rule 59(b), Ala. R. Civ. P., and Rule 6, Ala. R. Civ. P.