THOMAS, Judge.
B.N. (“the father”) seeks review of an order entered by the Madison Juvenile Court (“the juvenile court”) on June 22, 2015. This is the second time the parties have been before this court. See B.N. v. Madison Cnty. Dep’t of Human Res., 151 So.3d 1115 (Ala.Civ.App.2014)(“the previous appeal”).
In the previous appeal, this court set out the following relevant facts and procedural history.
“The father and K.D. (‘the mother’), who were residents of Mississippi, were divorced in January 2011 by a judgment (‘the divorce judgment’) of the Chancery Court of Marion County, Mississippi (‘the Mississippi court’). The divorce judgment granted the mother sole physical custody of the parties’ child. The divorce judgment also provided that, because the father was incarcerated at the time, the child’s paternal grandparents were granted the father’s right to visitation and that, upon the father’s release, he would assume his right to visitation, which would be supervised by the paternal grandparents.
“The record indicates that the mother moved with the child from Mississippi to Madison County, Alabama, in April 2012. The record further indicates that the mother married J.D. sometime after she moved to Alabama. The paternal grandparents assert that they were unaware of the child’s location until they received information that the child was hospitalized in the intensive-care unit of Huntsville Hospital. The paternal grandparents and the Madison County Department of Human Resources (‘DHR’) assert that J.D. had physically abused the child. Information in the record indicates that J.D. and the mother were arrested for felony child abuse. DHR placed the child with A.G., the mother’s brother, and E.G., A.G.’s wife (referred to collectively as ‘the custodians’), as part of a safety plan after the child was released from the hospital. *1237 The custodians are residents of Madison County.
“On September 24, 2012, the paternal grandparents filed a petition for temporary custody in the juvenile court in which they asserted that they were the proper parties to have custody of the child and that they had concerns regarding whether the custodians were fit to have custody. That petition was assigned case no. JU-12-860.01 (‘the paternal grandparents’ action’). They further asserted that the petition was filed pursuant to § 30-3B-204, Ala.Code 1975, a part of Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (‘the UCCJEA’), § 30-3B-101 et seq., Ala.Code 1975.
“The custodians filed a motion to intervene and a petition for custody in the paternal grandparents’ action on October 12, 2012, in which they alleged that the child was dependent and that they were the proper parties to be awarded custody. The paternal grandparents filed a motion for an immediate penden-te lite hearing on October 30, 2012. The paternal grandparents then, on November 5, 2012, filed a motion to stay the proceedings in the juvenile court and to enforce an order from Mississippi court. Attached to that motion was an order of the Mississippi court, entered on November 1, 2012, granting the paternal grandparents an ‘ex parte emergency protective order for child custody without notice’ (‘the Mississippi order’).1
“DHR filed a motion to intervene in the paternal grandparents’ action on November 5, 2012. On that same day, DHR filed a petition in the juvenile court in which it alleged that the child was dependent; that petition was assigned case no. JU-12-860.02 (‘the DHR action’). A shelter-care hearing was held before a referee on November 5, 2012, in the DHR action; the mother and her attorney, in addition to Janika Crum, the DHR worker assigned to this case, and Corrie Collins, the child’s guardian ad litem, were present at that hearing. According to the report of the referee, the parties present at the hearing stipulated that the child was dependent, and the referee recommended that DHR assume custody of the child and that DHR be granted the authority to place the child with the custodians.
“On November 8, 2012, the paternal grandparents filed a motion to vacate the shelter-care order of the referee in the DHR action. On November 16, 2012, the juvenile court entered two separate orders ratifying the findings and recommendations of the referee and scheduling a custody hearing for December 13, 2012. The juvenile court also entered an order granting DHR’s motion to intervene in the paternal grandparents’ action, denying the custodians’ motion to intervene in the paternal grandparents’ action, continuing the safety plan pursuant to which the custodians retained custody of the child, and further providing that
“ ‘[consistent with the requirements of the [UCCJEA] this Court communicated with the [Mississippi court] on November 2 and November 5, 2012, regarding the instant matter. The Juvenile Court of Madison County, Alabama shall exercise jurisdiction over this matter.’
“The paternal grandparents filed a motion to intervene in the DHR action on November 19, 2012; on November 26, 2012, the paternal grandparents amended their petition for custody, asserting that the mother and J.D. had been arrested for child abuse. On December 7, 2012, the father filed a motion to intervene in the paternal grandparents’ action and requested that an *1238 attorney be appointed for him.2 The guardian ad litem and DHR filed their respective reports, which are included in the- record, to the juvenile court on December 10, 2012; ■ both reports recommended that custody of the child remain with the custodians,
“After a hearing on December 10, 2012, at which the juvenile court heard only arguments of counsel, the juvenile court entered an order on January 14, 2013, finding the child dependent. The juvenile court awarded DHR legal custody of the child and adopted DHR’s permanent plan for the child, which was ‘return to parent with concurrent plan of relative placement.’ The juvenile court also denied the paternal grandparents’ petition to intervene in the DHR action, but it stated from the bench that the paternal grandparents’ action and the DHR action would be consolidated.3 DHR filed a motion to amend the January 14, 2013, order on January 28, 2013, in which it asserted that the order should have awarded custody of the child to the custodians rather than to DHR. The juvenile court entered an order on January 30, 2013, setting a hearing for March 22, 2013. On March 19, 2013, the juvenile court entered an amended order awarding legal custody of the child to the custodians.
“The" father filed an affidavit of indi-gency on March 18, 2013, and an attorney was appointed for him on March 22, 2013. After a hearing on March 22, 2013, at which the juvenile court heard only arguments of counsel, the juvenile court entered an order retaining jurisdiction of the matter, denying the paternal grandparents’ motion to stay all proceedings, setting the matter for review on April 4, 2013, and scheduling an evi-dentiary hearing for May 3, 2013. The juvenile court also entered an order on permanency and legal custody on that same day. That order, in pertinent part, provided that the permanency plan for the child was ‘permanent relative placement with transfer of custody to the relative with a concurrent permanency plan of adoption with no identified resources.’ That order also required the father to submit to drug screens, awarded the father and the paternal grandparents supervised visitation, and suspended the mother’s supervised visitation. Legal custody of the child remained vested with the custodians. The paternal grandparents subsequently filed a motion for a continuance of the May 3, 2013, hearing; the juvenile court granted the motion and reset the hearing for June 21, 2013.
“On June 18, 2013, the paternal grandparents filed a motion to continue in which they asserted that the Mississippi court had scheduled a hearing regarding the custody of the child. On June 21, 2013, DHR filed a motion to dismiss the actions or, in the alternative, to clarify the issues remaining before the court; DHR also filed a motion requesting that it be relieved from providing further services and that the juvenile court close ‘the case’ involving the child. A hearing was held on June 21, 2013, as previously scheduled; however, no evidence was taken and the juvenile court heard only arguments of counsel. The juvenile court entered a judgment in both actions on July 11, 2013.
“In that judgment, the juvenile court stated: ‘This Court has communicated directly with Chancellor Ronald Doleac of the [Mississippi court], on more than one occasion, and issued an order on November 13, 2012[,] pertaining to jurisdiction.’ The judgment reaffirmed that the child was dependent and awarded the custodians legal custody; the judgment also granted DHR’s petition to be *1239 relieved of supervision and closed ‘the case’ for further review. The judgment awarded the paternal grandparents visitation and suspended visitation with .the mother and the father until such parental visitation was approved by the child’s mental-health provider and the guardian ad litem. The judgment also resolved ‘any and all remaining matters in’ the paternal grandparents’ action and the DHR action.
“1 The petition-for emergency relief that the paternal grandparents filed in the Mississippi court is included in the record. That petition was filed in the Mississippi- court on October 29, 2012, and did not reference the paternal grandparents’ action that had already been initiated in Alabama.
“2The record includes a completed return of service of process for the father in the paternal grandparents’ action. The record also contains a civil summons for the father in the DHR action, but it does not indicate whether service was completed.
“3The record does not contain an order ■ of the juvenile court consolidating the two actions.”
B.N., 151 So.3d at 1116-19.
The father timely appealed the juvenile court’s July 11, 2013, judgment. Id. at 1119. After a discussion of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975, this court determined that it was not clear whether the Chancery Court of Marion County, Mississippi (“the Mississippi court”) had conceded subject-matter jurisdiction over the matter. Id. at 1121. This court further concluded that, although the juvenile court had stated in its judgment that it had communicated with the Mississippi' court regarding the issue of subject-matter jurisdiction, the juvenile court had not complied with § 30-3B-110, Ala.Code 1975, which provides, in its entirety:
“(a) A court of this state may communicate with a court in another state concerning a proceeding arising under this chapter [i.e., the UCCJEA].
“(b) The court may allow the parties to participate in the communication. If the parties aré not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.
“(c) Communication between courts on schedules, calendars, court records, and similar matters may occur,without informing the parties. A record need not be made of the communication.
“(d) Except as otherwise provided in subsection (c), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.
“(p) For, the .purposes of this section, ‘record’ means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.”
We, therefore, reversed the juvenile court’s judgment and remanded the cause to the juvenile court to comply with the provisions of § 30-3B-110. Id. at 1122. The certificate of judgment in the previous appeal was issued on April 23, 2014.
The materials now before us indicate that the juvenile court held a hearing on October 8, 2014. At that hearing, the Madison County Department of Human Resources (“DHR”) submitted to the juvenile court an order of the Mississippi court (“the second Mississippi order”), which was enteréd into evidence and is included in the materials before this court. The second Mississippi order stated that *1240 the Mississippi court had determined that the juvenile court was the appropriate forum to adjudicate the issues of custody, support, and visitation of the child, and it dismissed without prejudice the action giving rise to the November 1, 2012, order of the Mississippi court (“the first Mississippi order”). A review of the second Mississippi order indicates that it was entered on July 16, 2013, which, we note, was after the judgment at issue in the previous appeal was entered, and that a copy of the order was received by DHR on August 20, 2013, which, we note, was after the father had filed his notice of appeal in the previous appeal. The juvenile court entered an order on June 22, 2015, in which it confirmed that it had subject-matter jurisdiction over this matter. The father filed a timely notice of appeal.
“Although neither party questions the appealability of the [June 22, 2015], order, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. Nunn v. Baker, 518 So.2d 711 (Ala.1987). A final judgment is one that completely adjudicates all matters in controversy between the parties. McCollough v. Bell, 611 So.2d 383 (Ala.Civ.App.1992); Ex parte Harris, 506 So.2d 1003 (Ala.Civ.App.1987).”
Wilson v. Glasheen, 801 So.2d 848, 849 (Ala.Civ.App.2001).
In the previous appeal, we ordered the juvenile court to comply with the UCCJEA and to determine the proper court to exercise jurisdiction over the dependency and custody petitions. However, it appears that the juvenile court and the parties are unclear regarding the effect of this court’s reversal on the juvenile court’s July 11, 2013, judgment. “ ‘The reversal of a judgment, or a part thereof, wholly annuls it, or the part of it, as if it never existed.’” Raybon v. Hall, 17 So.3d 673, 676 (Ala.Civ.App.2009)(quoting Shirley v. Shirley, 361 So.2d 590, 591 (Ala.Civ.App.1978)). When this court reversed the juvenile court’s July 11, 2013, judgment, the juvenile court’s judgment finding the child dependent and awarding custody of the child to A.G. and E.G. (“the custodians”) was rendered ineffective. The sole issue addressed by the juvenile court in its June 22, 2015, order was the issue of subject-matter jurisdiction. Thus, the issues that were actually presented to the juvenile court in the initial petitions — i.e., issues pertaining to the child’s dependency and custody — remain unadjudicated at this time. Because the June 22, 2015, order failed to adjudicate all the issues properly before the juvenile court, that order was a nonfinal judgment and is incapable of supporting an appeal. See Wright v. Wright, 882 So.2d 361, 363-64 (Ala.Civ.App.2003).
Although an appeal from a non-final judgment will normally result in the dismissal of the appeal, it is well established that this court has the discretion to treat an appeal from a nonfinal judgment as a petition for a writ of mandamus. Fowler v. Merkle, 564 So.2d 960, 961 (Ala.Civ.App.1989). Therefore, insofar as the father’s appeal challenges the subject-matter jurisdiction of the juvenile court, we treat it as a petition for a writ of mandamus.
“ ‘[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.’ Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Johnson, 715 So.2d 783, 785 (Ala.1998)). .
“ ‘ “ ‘A -writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal *1241 to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.””
“Ex parte Punturo, 928 So.2d 1030, 1033 (Ala.2002) (quoting Ex parte Bruner, 749 So.2d 437, 439 (Ala.1999), quoting in turn Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)). ‘Subject-matter jurisdiction cannot be waived, and the lack of subject-matter jurisdiction may be raised at any time by a party or by a court ex mero motto.’ 928 So.2d at 1033 (citing Greco v. Thyssen Mining Constr., Inc., 500 So.2d 1143 (Ala.Civ.App.1986)). ‘A judgment issued by a trial court without jurisdiction is a nullity.’ 928 So.2d at 1034 (citing Ex parte Hornsby, 663 So.2d 966 (Ala.1995)).”
Ex parte Siderius, 144 So.3d 319, 323 (Ala.2013).
The father is correct that, in the previous appeal, this court remanded the cause with instructions for the juvenile to comply with § 30-3B-110. The father is further correct that, although the juvenile court, in its June 22, 2015, order, references multiple communications with the Mississippi court, there remains no record of those communications as prescribed by § 30-3B-110. However, § 30-3B-203, Ala.Code 1975, provides that,
“[ejxcept as otherwise provided in Section 30-3B-204, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 30-3B-201 (a)(1) or (2) and:
“(1) The court of the other state determines it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
• “(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.”
(Emphasis added.) Section 30-3B-201, Ala.Code 1975, provides:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the cri *1242 teria specified- in subdivision (1), (2), or (3).
“(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
“(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
(Emphasis added.) The Mississippi court stated in the second Mississippi order that,
“although Mississippi has proper jurisdiction over the child pursuant to its continuing jurisdiction conferred by its entry of an initial custody order [i.e., the judgment divorcing the child’s parents], this Court defers to the jurisdiction and decision regarding child custody, support, and visitation of the Alabama Court under [Miss.Code Ann. § 93-27-207[1]] convenient and more appropriate forum analysis as authorized in the UC-CJEA and statutes of both states.”
The Mississippi court further stated that it had reached its conclusion based on submissions in writing and testimony that it had heard from the father and the child’s paternal grandparents. Once the Mississippi court conceded that Alabama was the proper forum to assert jurisdiction over this matter, the juvenile court could then properly assume jurisdiction pursuant to § 30-3B-203(l) and § 30-3B-201(a)(3). We note that the juvenile court failed to comply with § 30-3B-110, despite our instruction in the opinion in the previous appeal to record its communications with the Mississippi court. See B.N., 151 So.3d at 1122. However, because the Mississippi court has conceded jurisdiction, we conclude that communication between the juvenile court and the Mississippi court was no longer necessary. See Official Comment to. § 30-3B-110 (“Communication between . courts is required under- Sections 204, 206 and 306 and strongly suggested in applying Section 207. Apart from those sections, there may be less need under this Act for courts to communicate concerning jurisdiction due to the prioritization of home -state jurisdiction.”).
The father argues in his brief to this court that, because the second Mississippi order was not presented to the juvenile court before the entry of the July 11, 2013, judgment awarding custody of the child to the custodians, the juvenile court did not have subject-matter jurisdiction to enter that judgment. However, the order currently under review is not the July 11, 2013, judgment, but the order entered on June 22, 2015, In the June 22, 2015, order, the juvenile court addressed only the issue of jurisdiction. Because we have determined that the juvenile court had acquired subject-matter jurisdiction by the time it entered the June 22, 2015, order, the father’s petition for a writ of mandamus challenging that order is denied.
The father next argues that, if this court determines that the juvenile court had properly acquired subject-matter jurisdiction, he has been denied his right to due process because the juvenile court has not conducted an evidentiary hearing on the *1243 underlying dependency and custody issues. Because the juvenile court has not yet entered a judgment adjudicating the issues of dependency and custody, we do not reach the father’s argument that he has been denied his right to due process.[2] However, because the underlying actions have been pending since September 2012 and November 2012, respectively, we strongly urge the juvenile court to hold an evidentiary hearing on the merits of this case as soon as possible.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Mississippi Code Ann, § 93-27-207 is the equivalent of § 30-3B-207, Ala.Code 1975. Section 30-3B-207(a) provides:
"(a) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of
another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court’s own motion, or request of another court,”
Section 30-3B-207(b) provides a list of factors for a court to consider in determining whether it is an inconvenient forum. '

. We refer the juvenile court and the parties to footnote 4 of our opinion in the previous appeal. See B.N., 151 So.3d at 1122 n. 4.