Rel: October 24, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

―――――――――――――――

### CL-2025-0433

―――――――――――――――

### Heaven Harper

### v.

### Dontae Green

### Appeal from Marshall Circuit Court
### (DR-25-104)

MOORE, Presiding Judge.

Heaven Harper ("the mother") appeals from a judgment of the Marshall Circuit Court ("the circuit court") dismissing her child-custody case based on its determination that a court in Lucas County, Ohio ("the Ohio court"), retained jurisdiction over a child-custody proceeding

involving the same parties pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), Ala. Code 1975, § 30-3B-101 et seq. We reverse the judgment and remand the case with instructions.

Background

The limited record shows that, on April 8, 2025, the mother filed a letter requesting that the circuit court transfer from the Ohio court a child-custody proceeding relating to her four-year-old daughter with Dontae Green ("the father"). The mother attached to her letter a memorandum to support her request to transfer the Ohio child-custody proceeding to Alabama. In the memorandum, the mother asserted that she and the child had moved from Ohio to Alabama in July 2024. In August 2024, the father had filed in the Ohio court a complaint seeking custody of the child, and, in January 2025, the mother had filed a counterclaim in the Ohio court seeking custody of the child. The mother contended that, in February 2025, she and the father participated in mediation and that she had agreed to a settlement of the Ohio child-custody proceeding, which agreement she had later attempted to rescind. The mother argued that the Ohio court had lost jurisdiction over the

child-custody proceeding in January 2025 because, she said, Alabama had become the home state of the child at that time. The mother requested, among other things, that the circuit court take jurisdiction over the child-custody proceeding, award her custody of the child, and establish a visitation plan for the father.

The circuit court treated the letter as a complaint and ordered the mother to serve the father. The case-action-summary sheet indicates that the father was served on April 23, 2025, but he did not appear before the circuit court. On April 25, 2025, the mother filed a motion requesting that the circuit court confirm its jurisdiction over the case. The circuit court scheduled a hearing on the motion for May 29, 2025. However, on May 20, 2025, the circuit court entered an order dismissing the case. The dismissal order provides: "On May 6, 2025[,] the undersigned conducted a teleconference pursuant to UCCJEA with Hon. Linda Knepp of Lucas County, Ohio. After said teleconference, the Court finds that Lucas County, Ohio[,] retains jurisdiction in this case. Therefore, case closed and costs waived." The case-action-summary sheet indicates that the case was "disposed" based on that order.

On June 9, 2025, the mother filed a notice of appeal and a motion requesting that the circuit court enter findings of fact and conclusions of law explaining its reasoning for dismissing the case. The circuit court did not rule on the motion.

## Issues

On appeal, the mother argues that the circuit court erred in failing to issue findings of fact and conclusions of law and in declining to exercise jurisdiction over the case.[1] We find the first issue dispositive.

## Analysis

Generally, a trial court does not have to make findings of facts and conclusions of law to support its dismissal of a child-custody case based on its lack of subject-matter jurisdiction under the UCCJEA. See Hensley v. Kanizai, 143 So. 3d 186, 197 (Ala. Civ. App. 2013). However, in her postjudgment motion, the mother argued: "On May 6, 2025, the Judge of [the circuit c]ourt conferred with the Judge in [the] Ohio [court]. No record or transcript of this communication has been made available

---

[1]The mother also seeks appellate review of a judgment entered by the Ohio court, which she claims was entered without due process and without jurisdiction. This court cannot review that judgment, which is outside the scope of our appellate jurisdiction.

4

to the [mother]. No hearing was held to allow the [mother] to respond or address the substance of this discussion." The mother requested that the circuit court amend the final judgment to recite the factual and legal bases discussed in the intercourt communication that led to the dismissal. We construe the postjudgment motion as requesting a record of the communication between the circuit court and the Ohio court pursuant to Ala. Code 1975, § 30-3B-110.

Section 30-3B-110 provides:

> "(a) A court of this state may communicate with a court in another state concerning a proceeding arising under [the UCCJEA].

> "(b) The court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made.

> "(c) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

> "(d) Except as otherwise provided in subsection (c), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.

> "(e) For the purposes of this section, 'record' means information that is inscribed on a tangible medium or that is

stored in an electronic or other medium and is retrievable in perceivable form."

Section 30-3B-110 governs communications between the courts of this state and the courts of other states regarding jurisdictional matters in child-custody proceedings. Section 30-3B-110(d) states that a record must be made of any substantive discussion between the courts. In her postjudgment motion, the mother basically requested that the circuit court summarize the communication between it and the Ohio court explaining why the case was dismissed. On appeal, the mother argues that the circuit court erred in denying her request.

In B.N. v. Madison County Department of Human Resources, 151 So. 3d 1115 (Ala. Civ. App. 2014), this court reversed a judgment entered by the Madison Juvenile Court and remanded the case because no record had been made of the communications between the juvenile court and a Mississippi court upon which the juvenile court had based its jurisdictional determination. See also B.B. v. L.W., 163 So. 3d 1042, 1051 (Ala. Civ. App. 2014) (reversing a judgment that did not contain a record of communications between a court of this state and a foreign court and remanding the case to the trial court). In this case, the circuit court entered an order memorializing that it had held a jurisdictional

6

conference with the judge presiding over the Ohio child-custody proceeding, see Kee v. Gilbert, 32 Neb. App. 1, 16, 992 N.W.2d 486, 498 (2023) (holding that an order memorializing the substance of a communication between courts is sufficient to comply with the UCCJEA), but it did not make a record of the substance of that communication. See Ex parte N.B., 66 So. 3d 249, 254 (Ala. 2010) (indicating that a record of a communication under § 30-3B-110 should include the substance of the communication); T.R. v. Tuscaloosa Cnty. Dep't of Hum. Res., [Ms. CL-2024-0381, Nov. 22, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) (noting the absence of a record of a jurisdictional hearing describing the substance of the conversation between courts); see also In re H.M.A., 563 P.3d 312, 321 (Okla. Civ. App. 2024) (holding that handwritten note indicating that in-state judge had conferred with judge of foreign court without any further details was insufficient to comply with the UCCJEA). Thus, the circuit court erred by failing to comply with § 30-3B-110.

In Hensley, supra, this court held that the failure of an Alabama trial court to comply with § 30-3B-110 was harmless error because the facts were undisputed and those facts supported the legal conclusion that the Alabama trial court lacked subject-matter jurisdiction under the

7

UCCJEA. In this case, the record does not disclose the facts or the law that informed the decision of the circuit court to dismiss the case. Hence, we cannot say, as a matter of law, that the circuit court properly dismissed the case.

Section 30-3B-206(b), Ala. Code 1975, provides:

> "(b) Except as otherwise provided in [Ala. Code 1975, §] 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to [Ala. Code 1975, §] 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA], the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with [the UCCJEA] does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding."

Without a record, however, we cannot determine that the circuit court followed § 30-3B-206(b). We do not know the facts underlying any determination that the Ohio court had jurisdiction under its version of the UCCJEA, see Ohio Rev. Code Ann. § 3127.01 et seq., and we do not know whether the Ohio court even considered whether the circuit court was a more appropriate forum, much less decided that it was not. See Ohio Rev. Code Ann. § 3127.21(A) ("A court of this state that has

8

jurisdiction under [Ohio's version of the UCCJEA] to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court."). The record does not explain why the Ohio court decided to retain jurisdiction over the child-custody proceeding.

## Conclusion

As the mother correctly points out in her brief to this court, by failing to comply with § 30-3B-110, the circuit court has deprived her of a right to meaningful appellate review. Accordingly, we reverse the judgment, and we remand the case for the circuit court to make a record of the communication upon which it based its decision to dismiss the case. To ensure full compliance with § 30-3B-110, we instruct the circuit court, after making a record of the communication between it and the Ohio court, to grant the mother access to the record pursuant to § 30-3B-110(d) and to afford the mother an opportunity to present facts and legal arguments regarding the jurisdictional issue before making a final

jurisdictional determination pursuant to § 30-3B-110(b).  See <u>Justice v. Guerrero-Justice</u>, 403 So. 3d 375 (Fla. Dist. Ct. App. 2025) (holding that failure of courts to comply with procedural rules contained in UCCJEA governing communication before making a jurisdictional determination deprives parties of due process).

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.