MOORE, Judge.
R.W. (“the father”) appeals from a judgment of the Henry Juvenile Court (“the juvenile court”) denying his petition to gain custody of his natural daughter, Z.C. (“the child”).
The record indicates that the juvenile court adjudicated the child to be dependent in 2007 shortly after her birth and awarded legal and physical custody of the child to D.S., a maternal relative. The father was not made a party to the 2007 dependency proceeding because the mother had not identified him as being the child’s father at that time. In February 2009, in a child-support action initiated by the Henry County Department of Human Resources (“DHR”), the juvenile court entered a judgment establishing the father’s paternity of the child and ordering him to pay child support to D.S. for the benefit of the child.[1] The father almost immediately sought visitation with and custody of the child in petitions filed with the juvenile court. The juvenile court awarded the father visitation with the child, to be supervised by DHR, and eventually set the hearing on the custody petition for February 2011. Following that hearing, the juvenile court entered a judgment awarding the father specified visitation rights, but denying his petition for custody of the child, finding that the father “has failed to meet the [custody-modification] standard as set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984).”
The father argues on appeal that the juvenile court erred in treating his petition as one to modify the custody of the child subject to the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), rather than as a petition to decide a custody dispute between a parent and a nonpar-ent subject to the standard set forth in Ex parte Terry, 494 So.2d 628 (Ala.1986). For the reasons set forth below, we affirm the juvenile court’s judgment.
Ex parte Terry confirms long-standing Alabama law that a fit natural parent has a presumptive right to the custody of his or *1007 her child as against a nonparent. 494 So.2d at 682. According to Ex parte McLendon, supra, that right persists until either the parent voluntarily forfeits custody of the child or a judgment awards custody of the child to a nonparent. 455 So.2d at 865. In such cases, a parent cannot regain custody merely by proving his or her biological connection to, and fitness to raise, the child, but also must show that the change in custody would so materially promote the best interests of the child that the positive good brought about from the change of custody would more than offset the disruptive effects caused by uprooting the child. Id. at 865-66.
The father maintains that the juvenile court should not have applied the McLen-don standard to his custody petition because, he says, he has never voluntarily forfeited custody of the child[2] or lost custody of the child through a judicial determination. As to the latter point, the father maintains that, because he was not a party to the dependency proceeding, the dependency judgment does not amount to an adverse judicial determination as to his custody claim. However, we need not decide the binding effect of the dependency judgment on the custody claim of the father because we conclude that the prior child-support judgment effectively adjudicated the respective custody rights of the father and D.S.
In T.B. v. C.D.L., 910 So.2d 794, 795-96 (Ala.Civ.App.2005), this court held that a paternity judgment awarding child support to a particular individual constitutes an implied award of custody of the child to that recipient. See also Ex parte L.N.K., 64 So.3d 656, 656 (Ala.Civ.App.2010) (recognizing that custody and child-support issues had been decided in a paternity adjudication); and M.R.J. v. D.R.B., 17 So.3d 683, 686 (Ala.Civ.App.2009) (accord).
Before the juvenile court, it was undisputed that the father’s paternity had been adjudicated in February 2009 and that, in connection with that February 2009 paternity adjudication, the juvenile court had ordered the father to pay child support to D.S. Accordingly, in this case, the February 2009 child-support judgment constitutes a judicial determination, binding on the father, that D.S., not the father, is the proper custodian of the child.[3] Hence, the father is simply incorrect in stating that no prior binding judgment has denied him custody of the child in favor of D.S.
Based on the child-support judgment, when the father filed his petition for custody of the child in March 2009, he was in the position of a parent who, through a judicial determination, had previously lost custody of a child to a nonparent. As such, the juvenile court correctly applied the McLendon standard when adjudicating the father’s custody petition, and the juvenile court did not err in failing to apply the Terry presumption.[4] The father raises no other issues on appeal. The judgment of the juvenile court is therefore affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The record does not include the record from either the dependency proceeding or the child-support proceeding.

. Based on our disposition, we find no need to address the father's assertion that he did not voluntarily forfeit custody of the child.

. We do not make any comment on the correctness of that judgment.

.Our holding necessarily disposes of the father's remaining argument that the juvenile court erred in denying him custody without expressly finding him unfit, which is required when Terry applies. See, e.g., L.A.C. v. T.S.C, 8 So.3d 322, 325 (Ala.Civ.App.2008).