MOORE, Judge.
Cristy Bullard (“the mother”) petitions this court for a writ of mandamus directing the Coffee Circuit Court to grant her motion to dismiss a custody petition filed by Lee Walker (“the father”). We deny the petition.

Facts and Procedural History

The attachments to the mother’s mandamus petition reveal that the parties’ child, F.W. (“the child”), was born in Louisiana on November 10, 2008. On September 29, 2009, the district attorney’s office in Jefferson Parish, Louisiana, on behalf of the mother, initiated a proceeding under the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala.Code 1975, seeking to establish the paternity of the child and child support. The affidavit attached to the “request” initiating the proceeding indicated that the child had resided in Louisiana since her birth. The proceeding was transferred to the Juvenile Court of Coffee County, where the father resides, and on December 18, 2009, the Coffee Juvenile Court entered a judgment that established the father’s paternity of the child and ordered him to pay child support.
On July 11, 2012, the father filed a petition in the Coffee Circuit Court (“the Alabama court”), seeking custody of the child. He alleged that the child “has resided” in Louisiana and that there is “an ongoing investigation by the New Orleans Police Department in regard to possible sexual abuse of the minor child while residing in [the mother’s] home, and [that] the Detective heading up the investigation in the New Orleans Police Department has instructed [the father] not to return the child [to the mother].” On July 17, 2012, the mother filed a petition for custody in the 24th District Judicial Court of Jefferson Parish, Louisiana (“the Louisiana Court”); the mother’s petition was set for a hearing. On July 27, 2012, the Alabama court awarded “temporary” custody of the child to the father. On August 8, 2012, the Louisiana court ordered the child to be returned to the custody of the mother. On September 10, 2012, the mother filed in the Alabama court a motion to dismiss the father’s petition for lack of jurisdiction; the Alabama court denied that motion on January 29, 2013. The mother timely sought mandamus relief.

Standard for Issuing a Writ of Mandamus

“The denial of a motion to dismiss for lack of jurisdiction is reviewable upon a timely filed petition for a writ of *902 mandamus. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000); Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 57 (Ala.2006). With regard to an appellate court’s consideration of a petition for a writ of mandamus, our supreme court has stated:
“ ‘This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).’
“Ex parte Flint Constr. Co., 775 So.2d at 808. In discussing the review of a denial of a motion to dismiss for lack of subject-matter jurisdiction, the court further explained:
“ ‘ “In Newman v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“ ‘ “ ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.’
“ ‘ “878 So.2d at 1148—49.” ’
“Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007) (quoting Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005)).”
Ex parte Diefenbach, 64 So.3d 1091, 1093 (Ala.Civ.App.2010).

Discussion

In her mandamus petition, the mother argues that the Alabama court lacked jurisdiction to award the father “temporary” custody of the child. Section 30-3B-201, Ala.Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala.Code 1975, provides, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala.Code 1975,] and:
*903 “a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
“(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).”
Section 30-3B-202, Ala.Code 1975, provides:
“(a) Except as otherwise provided in Section 30-3B-204, [Ala.Code 1975,] a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203[, Ala.Code 1975,] has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
“(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.
“(b) A court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201.”
In the present case, it is apparent from the attachments to the mandamus petition that the Coffee Juvenile Court exercised jurisdiction to determine the father’s paternity of the child and to order child support in 2009. That judgment entered by the Coffee Juvenile Court constituted an implied award of custody to the mother. See, e.g., R.W. v. D.S., 85 So.3d 1005, 1007 (Ala.Civ.App.2011) (holding that “a paternity judgment awarding child support to a particular individual constitutes an implied award of custody of the child to that recipient”). Thus, pursuant to § 30-3B-202, the Coffee Juvenile Court would have continuing exclusive jurisdiction over the child-custody determination unless a court of this state were to determine that one of the conditions for termination of that jurisdiction exists; there is no information in the attachments indicating that a court of this state has done so. Although in Alabama a circuit court has no jurisdiction to modify a custody determination made by an Alabama juvenile court, it may exercise temporary emergency jurisdiction under Aa.Code 1975, § 30-3B-204. The allegations in the father’s petition for custody are sufficient to invoke that temporary emergency jurisdiction. See § 30-3B-204(a). The mother has failed to provide this court with any evidence indicating that no emergency exists and does not argue that the Aabama court failed to comply with the statutory requirements and limitations regarding temporary emergency jurisdiction, see § 30-3B-204(e) & (d). Thus, we have no choice but to deny the mother’s petition. See, e.g., Ex parte Diefenbach, 64 So.3d at 1095-96 (“The bur *904 den is on the mother, as the party seeking mandamus relief, to demonstrate her right to relief_ Given the materials submitted in this matter, this court is unable to determine whether Illinois, or another state, has jurisdiction.... Accordingly, we must conclude that the mother has not demonstrated that the trial court would not have jurisdiction ... to consider an initial custody determination or, therefore, that the trial court lacked jurisdiction to modify the Florida [custody] judgment under the [Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala.Code 1975].”).
PETITION DENIED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.