THOMAS, Judge.
Alicia Dunaway (“the mother”) and Jonathan Vasta (“the father”) are the unmarried parents of K.R.G. (“the child”), who was born oh April 2, 2008. At the time of the child’s birth, the mother and the child lived separately from the father in- Bay County, -Florida. In 2008, the State of Florida, on behalf -of the mother, commenced an action (“the 2008 action”) in the Bay County -Circuit' Court (“the Florida court”) seeking an award of child support. In 2009 the Florida court entered an order determining that the father is the father of the child and ordering him to -pay child support. That order is included in the record, on appeal in this case.
In March 2011 the mother relocated with the child to Opelika. In 2014, the parties agreed that the child would visit the father in Florida from May 28, 2014, through July 13, 2014; however, the father did not return, the child to the mother as agreed. The mother traveled to the father’s residence in Florida where a confrontation culminated in the arrest of the mother, who was charged with battery and child abuse.
The record in this case is sparse; however, we glean from the March 2015 judgment of the Lee Circuit Court (“the Alabama court”)' that the father filed a petition in the Florida court on August 14, '2014, in the “preexisting 2008 [action]” seeking to “determine - paternity and for related relief’;' the proceedings conducted on that petition are hereinafter referred to as “the 2014 action”. The father’s petition commencing the 2014 action does not appear in the record. According to the father, the parties appeared in the Florida court, and, on August 14, 2014, the Florida court entered a “Temporary Injunction for Pror tection Against Domestic Violence with Child(ren)” against the mother. That temporary order does not appear in the record, although the Alabama-court judge read. from a temporary order of the *747 Florida court during the February 17, 2015, hearing in this case. According to the father, the mother filed in the 2014 action an “Amended Petition to Determine Paternity, Parental. Responsibility, Time Sharing, Child Support, Attorney’s Fees, and Related Relief’ in the Florida court on September 2, 2014; that petition does not appear in the record.
On September 11, 20Í4, the mother filed, in the Alabama court, a petition seeking an award of custody of the child, a petition seeking an award of emergency custody of the child, and her own affidavit. On September 12, 2014, the Alabama court entered an order setting a hearing and indicating that it had communicated with the Florida court, which, it noted, “is handling a case related to this” case that “might affect the ability of this court to” decide the custody of the child.
On October 1, 2014, the father, in a limited appearance, filed in the Alabama court a motion to dismiss the mother’s custody petition in which he asserted that the Florida court was ■ the appropriate court to exercise jurisdiction to determine custody of the child pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), codified at § 30-3B-101 et seq., Aa.Code 1975.[1] The father claimed that the Florida court had made a child-custody determination by ordering him to pay child support to the mother in the 2008 action and that the mother had submitted to the jurisdiction of the Florida court in the 2014 action. The father argued that § 30-3B-204(d), Aa. Code 1975, required the Aabama court to stay the proceedings in the Aabama court and to communicate with the Florida court. - On November 20, 2014, the Aa-bama court entered an’order documenting its unsuccessful Attempt to communicate with the Florida court.
On February 6, 2015, the Aabama court entered an order, in which it denied the father’s motion to dismiss the mother’s custody petition. Athough the Aabama court indicated its awareness that the 2008 action and the 2014 action had been commenced in the Florida court, it determined that Aabama was .the .child’s “home state” as defined by § 30-3B-102(7), Aa.Code 1975,[2] that no, custody orders had been entered t>y the Florida court, and that the order of the Florida court in the 2014 action was designated as a temporary order. The. order of the Aabama court reads: “Pursuant to [§ 30-3B-204(d), Aa. Code 1975], this Court made calls twice in November 2014; twice in December 2014; and once in January 2015 but was unable to confer with the [Florida] court.”
On February 15, 2015, the father filed a motion to reconsider in which he argued that the child-support order in the 2008 action was a child-custody determination based upon Fla. Stat. § 742.031(2), which provides:
“If a judgment of paternity contains only a child support award with no parenting plan or time-sharing schedule, the obligee parent shall receive all of the time-sharing and sole parental responsibility without prejudice to the obligor parent. If a paternity judgment contains no such provisions, the mother shall be presumed to have all of the time-sharing and sole parental responsibility,”
*748 On February 17, 2015, the Alabama court held a hearing, and, at the close of the hearing, it ordered the parties to submit copies of documents from the 2008 action and 2014 action. The parties complied; however, some documents, as already mentioned, are not included in the record on appeal. The Alabama court entered a judgment in which it concluded that “the proceedings [in the 2008 action] were sufficient, as was the order establishing paternity entered on or about April 1, 2009, to confer continuing, exclusive jurisdiction in [the Florida] court as defined in Ala.Code [1975,] § 30-3B-102(4) (Fla.Stat. Ann. § 61.503(4)).” The Alabama court dismissed the action without prejudice in the event that the Florida court determined that the Alabama court was the more appropriate court to address the parties’ custody dispute.
On April 14, 2015, the mother filed a notice of appeal seeking this court’s review of whether the Alabama court had erred by declining to exercise jurisdiction over her custody petition. “ ‘Questions of law, such as whether a court has subject-matter jurisdiction, are reviewed de novo.’” B.N. v. Madison Cnty. Dep’t of Human Res., 151 So.3d 1115, 1119 (Ala. Civ.App.2014), quoting K.R. v. Lauderdale Cnty. Dep’t of Human Res., 133 So.3d 396, 404 (Ala.Civ.App.2013) (citing in turn BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co., 891 So.2d 310 (Ala.2004)). In addressing the mother’s argument, we must apply the rules of statutory construction to interpret certain provisions of the UCCJEA. “The ‘[p]rinciples of statutory construction instruct [a court] to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.’” H.T. v. Cleburne Cnty. Dep’t of Human Res., 163 So.3d 1054, 1064 (Ala.Civ.App.2014)(quoting Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001)).
Section 30-3B-201, Ala.Code 1975, governs which state may enter a child-custody determination.[3] That section provides:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state has jurisdiction to make an initial child custody determination only if:
“(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
“(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, and:
“a. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
“b. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
“(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or
*749 “(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
“(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
“(c) Physical presence of a child is not necessary or sufficient to make a child custody determination.”
Section 30-3B-202, Ala.Code 1975, governs continuing, exclusive jurisdiction.[4] That section reads:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships; or
“(2) A court of this state or a court of another state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in this state.
“(b) A court of this state which has made a child custody determination and does not have continuing, exclusive jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 30-3B-201.”
Section 30-3B-206, Ala.Code 1975, governs simultaneous proceedings in different states.[5] That section reads, in pertinent part:
“(a) Except as otherwise provided in Section 30-3B-204, a court of this state may not exercise its jurisdiction under [the -UCCJEA] if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 30-3B-207.
“(b) Except as otherwise provided in Section 30-3B-204, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 30-3B-209. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this chapter, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this chapter does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.”
In the present case, it is apparent that the Florida court properly exercised its authority to determine the paternity of the child and to order the father to pay child support in the 2008 action because, at that time, the parties lived in Florida. As the father pointed out to the *750 Alabama court, in Florida and in Alabama a' paternity determination that awards child support to a particular individual constitutes an implied award of custody of the child to that recipient. See Fla. Stat. § 742.031(2), and Ex parte Bullard, 133 So.3d 900, 903 (Ala.Civ.App.2013) (citing R.W. v. D.S., 85 So.3d 1005, 1007 (Ala.Civ. App.2011)). Therefore, the- 2008 action was a “child custody proceeding.”[6]
The order entered in the 2008 action— an-implied award of custody of the child to the- mother — did not relate to only the father’s child-support obligation.. Therefore, we conclude that the order was a “child custody .determination.” .Section 30-3B-102(3) defines a “child custody determination” as:
“A judgment, decree, or other order of a court providing for the legal custody, physical custody, ór visitation with respect to á child. The term includes a permanent, temporary, initial, and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.”[7]
Thus, pursuant to the UCCJEA, the 2008 action was a child-custody proceeding and the Florida court’s order entered in the 2008 action contained an implied child-custody determination; therefore, the Alabama court correctly concluded that the Florida court maintained “continuing, exclusive jurisdiction,” pursuant to § 30-3B-202. .
It is difficult for this court to analyze the nature of the 2014 action because the parties have not provided their petitions or the Florida court’s order entered in that action for our review. However, because we have determined that the Florida court had “continuing, exclusive jurisdiction” over the 2014 action by virtue of its proper exercise of authority over the 2008 action, we can conclude that it was not necessary for the Florida court to exercise “temporary emergency jurisdiction” over the 2014 action pursuant to Fla. Stat. § 61.517, the Florida counterpart to § 30-3B-204. Therefore, pursuant to the UCCJEA, the Alabama.court correctly declined to exercise jurisdiction over the mother’s custody petition.
Finally, we note that because we have determined that the Florida court did not exercise temporary emergency jurisdiction over the 2014 action, the Alabama court correctly followed the provisions of § 30-3B-206. It examined the documents filed in the Florida court and other information supplied by the partiés," determined that a child-custody proceeding had been com.-menced in the Florida court, stayed the Alabama proceeding, and attempted to communicate with the Florida court.
In conclusion, the Alabama court did not err by declining to exercise jurisdiction over the mother’s custody petition. The father’s request for an award of attorney fees is denied.
AFFIRMED.
*751 THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Florida has also enacted the UCCJEA. See Fla. Stat. § 61.501 et seq. "Alabama’s version of the UCCJEA is essentially identical to Florida’s.” In re D.N.H.W., 955 So.2d 1236, 1239 n. 1 (Fla.Dist.Ct.App.2007).

. See also, Fla. Stat. § 61.503(7).

. See also Fla. Stat. § 61.514.

. See also Fla. Stat. § 61.515.

. See also Fla. Stat. § 61.519.

. Section 30-3B-102(4), Ala.Code 197S, defines a "child custody proceeding” as:
"A proceeding in a court in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. The term does not include a court proceeding involving juvenile delinquency, contractual emancipation, adoption, or enforcement under Article -3 [of Chapter 30 of the Alabama Code of 1975].”
(Emphasis added,) See also Fla. Stat. § 61,503(4).

. See also Fla, Stat. § 61.503(3).