DONALDSON, Judge.
W.C. ("the father") petitions this court for a writ of mandamus directing the Jefferson District Court ("the trial court") to dismiss two cases pending in the trial court for lack of jurisdiction. This court consolidated the two appellate proceedings initiated by the father's petition. For the reasons expressed below, we deny the requested relief.
Facts and Procedural History
The materials submitted by the parties indicate the following. E.C. ("the child") was born in December 2013 out of wedlock. On November 25, 2015, L.J. ("the mother") filed in the trial court a complaint against the father initiating case number CS-15-439.00. In the complaint, the mother sought to establish the paternity of the father, to receive child support from the father, and for the father to include the child in his health-insurance policy. Also on November 25, 2015, the *24 mother filed in the trial court a motion seeking an immediate hearing. In her motion, the mother stated that she was seeking an order establishing that she was entitled to custody of the child. The mother alleged that she had been injured in an automobile collision on August 4, 2015, that the parties had agreed that the father would care for the child for three months while the mother was recovering from her injuries, that the father had relocated the child to Georgia, that the father had refused to return the child to her, and that she had not seen or talked to the child since the child's relocation.
On March 29, 2016, the trial court held a hearing. The mother appeared at the hearing, but the father did not. On March 30, 2016, the trial court entered a default judgment establishing the father's paternity of the child, ordering the father to pay child support to the mother, and ordering the father to pay half of the child's unreimbursed health-care expenses. Also on that day, the trial court entered an order vesting the mother with custody of the child.
At some point unidentified in the materials submitted to this court, the father initiated an action in the Superior Court for the County of Upson, Georgia ("the Georgia court"). On September 21, 2016, the Georgia court conducted a hearing in which the father, the mother, and the child were present. On October 3, 2016, the Georgia court entered an order declaring that the child was the child of the father and granting legal and physical custody of the child to the father. In the order, the Georgia court found that the child had resided with the father in Upson County, Georgia, since July 2015 and that the child had resided in Georgia continuously for six months before the initiation of the action in the Georgia court. The Georgia court also noted that proceedings regarding the child appeared to be ongoing in Alabama. The Georgia court's order recited that the Georgia judge had attempted to contact the Alabama judge identified by the mother as the judge conducting the Alabama proceedings but that the Georgia judge had been informed that the Alabama judge "was unavailable and would not be calling back." The Georgia court further found that it had subject-matter jurisdiction over the father's action and over visitation matters involving the child.
Apparently, another action was commenced in the trial court and assigned case number CS-15-439.01. The materials submitted by the parties do not detail the proceedings that occurred in case number CS-15-439.01. The only document submitted to this court regarding that case is an order apparently entered on November 22, 2016, that directs that the mother shall have visitation with the child in Alabama on the first and third weekend of each month, which coincides with the father's visitation periods with his other children in Alabama.[1]
On February 14, 2017, the trial court entered an order upon the father's motion setting aside the default judgment in case number CS-15-439.00 on the basis that the father had not been properly served. In the order setting aside the default judgment, the trial court noted that the Georgia court had entered an order regarding the child's custody after the mother had already filed a complaint in the trial court. The trial court stated that it had jurisdiction in the matter pursuant to § 30-3B-201, Ala. Code 1975. In the order, the trial court set the matter for trial, ordered that the mother would have visitation with the *25 child every other weekend, and designated a place for the exchange of the child.
On March 12, 2017, the mother filed a motion in case number CS-15-439.00 seeking sole legal and physical custody of the child, child support from the father, and DNA testing to establish the father's paternity of the child. On March 14, 2017, the mother filed a motion seeking a finding of contempt against the father, alleging that the father had failed to comply with the trial court's February 14, 2017, order requiring that he be at the designated place to exchange the child for her scheduled visitations on February 25, 2017, and on March 10, 2017.
On March 31, 2017, in case number CS-15-439.00, the father filed a motion to dismiss the proceedings in the trial court. In the motion, the father asserted that the Georgia court had already established custody and paternity of the child, that he and the child had resided in Georgia since July 2015, and that the trial court had no jurisdiction to determine issues pertaining to custody or visitation. On April 6, 2017, the trial court heard oral arguments from the parties and entered an order. Although the order did not explicitly deny the father's motion to dismiss, the order states that the trial court had heard the oral arguments and set a trial date for June 5, 2017.[2] On April 11, 2017, the father filed the present petition for a writ of mandamus.
Although the trial court did not expressly deny the father's motion to dismiss, the father contends that the trial court effectively denied the motion by setting the case for trial after hearing oral arguments. The father specifically asserts:
"At the hearing on April 6, 2017, [the trial court] entered its order re-scheduling the proceedings for June 5, 2015 [sic] and thereby refused to the dismiss the matter for lack of jurisdiction and ordered the child to be present during the proceedings of June 5, 2017."
The mother does not refute the father's assertion, and the trial court did not file a response in this court. Therefore, we must accept the assertion that the trial court refused to dismiss the proceedings as true. Ex parte Turner, 840 So.2d 132, 134-35 (Ala. 2002). We also note that if the trial court lacks jurisdiction, it can take no action other than dismissing the proceedings. Ex parte Blankenship, 893 So.2d 303, 307 (Ala. 2004). Therefore, we will address the proceedings before this court as challenging the trial court's denial of the father's motion to dismiss.
Standard of Review
" '[T]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.' Ex parte Flint Constr. Co., 775 So. 2d 805, 808 (Ala. 2000) (citing Ex parte Johnson, 715 So.2d 783, 785 (Ala. 1998) ).
" ' " 'A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' " '
" Ex parte Punturo, 928 So.2d 1030, 1033 (Ala. 2002) (quoting Ex parte Bruner, 749 So.2d 437, 439 (Ala. 1999), quoting in turn Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998) )."
Ex parte Siderius, 144 So.3d 319, 323 (Ala. 2013).
*26 Discussion
The father argues that the mother's March 12, 2017, motion in case number CS-15-439.00 was her first filing seeking custody of the child in the trial court and that, at that time, the trial court did not have jurisdiction to conduct proceedings concerning custody of the child because, by that time, Georgia was the child's home state and the Georgia court had entered an order regarding the child's custody. The father, however, acknowledges that the mother filed her complaint initiating case number CS-15-439.00 in the trial court on November 25, 2015, seeking, among other things, to establish the father's paternity of the child and to obtain child support from the father.
Section 30-3B-102(4), Ala. Code 1975, a part of Alabama's version of the Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala. Code 1975, provides, in pertinent part, the definition of a "child custody proceeding":
"A proceeding in a court in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. The term does not include a court proceeding involving juvenile delinquency, contractual emancipation, adoption, or enforcement under Article 3."
(Emphasis added.)
"[I]n Alabama a paternity determination that awards child support to a particular individual constitutes an implied award of custody of the child to that recipient. See... Ex parte Bullard, 133 So.3d 900, 903 (Ala. Civ. App. 2013) (citing R.W. v. D.S., 85 So.3d 1005, 1007 (Ala. Civ. App. 2011) )."
Dunaway v. Vasta, 193 So.3d 745, 750 (Ala. Civ. App. 2015). Therefore, an action seeking an order adjudicating paternity and child support is a "child custody proceeding." Id.
In case number CS-15-439.00, the trial court entered a default judgment adjudicating paternity and child support, and the trial court expressly indicated that the action was a child-custody proceeding when it entered an order on March 30, 2016, vesting custody of the child in the mother. Moreover, the materials submitted to this court show that the mother also expressly raised the issue of child custody in the motion she filed in the trial court on November 25, 2015. We conclude that the mother initiated proceedings regarding the child's custody through her filings on November 25, 2015. We therefore must determine whether the trial court could properly exercise jurisdiction to make a custody determination on that date.
The jurisdiction of Alabama courts to make an initial child-custody determination is governed by § 30-3B-201, Ala. Code 1975, which states, in relevant part:
"(a) Except as otherwise provided in Section 30-3B-204, [Ala. Code 1975,] a court of this state has jurisdiction to make an initial child custody determination only if:
"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the *27 child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala. Code 1975,] and:
"a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
"b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
"(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208 ; or
"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
"(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
"(c) Physical presence of a child is not necessary or sufficient to make a child custody determination."
The jurisdiction of an Alabama court to make an initial custody determination pursuant to § 30-3B-201"typically turns on whether Alabama is the home state of the child." B.N. v. Madison Cty. Dep't of Human Res., 151 So.3d 1115, 1119 (Ala. Civ. App. 2014).
"As our supreme court explained in Ex parte Siderius, 144 So.3d 319 (Ala. 2013), § 30-3B-201(a)(1) contains two provisions for identifying if a home state exists for purposes of determining jurisdiction. Under the first provision, a state is a home state if the child has lived in the state with a parent for at least six consecutive months immediately before the commencement of the proceeding, allowing for temporary absences from the state. The second provision of § 30-3B-201(a)(1) extends the time frame of the first provision by providing for jurisdiction if the state 'was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.' (Emphasis added.)"
J.H. v. C.Y., 161 So.3d 233, 239 (Ala. Civ. App. 2014).
The father asserts that the child has lived in Georgia since July 5, 2015. The materials submitted to this court show that the mother has continuously resided in Alabama and that the child lived in Alabama before July 5, 2015. There is no indication that, before July 5, 2015, the child had lived anywhere else besides Alabama since his birth. Less than 6 months elapsed between July 5, 2015, and November 25, 2015, when the mother initiated custody proceedings in the trial court. Based on the materials before us, Alabama was the home state of the child when the mother initiated the action in the trial court on November 25, 2015, pursuant to § 30-3B-201(a)(1).
The materials submitted to this court show that the Georgia court entered an order regarding the child's custody on October 3, 2016, long after the mother had initiated custody proceedings in the trial court. There is no indication that the proceedings in the Georgia court had commenced before the proceedings in the trial court commenced. In its October 3, 2016, order, the Georgia court found that the child had lived in Georgia since July 2015 *28 and that the child had lived in Georgia continuously for six months before the father initiated the action in the Georgia court. Based on the findings in that order, the earliest that the father could have initiated the action in the Georgia court was six months after July 2015, i.e., in January 2016, which is after the mother had filed her complaint in the trial court on November 25, 2015. Therefore, based on the materials before us, the father is unable to show that the Georgia court had home-state jurisdiction when the mother commenced her child-custody proceeding in the trial court on November 25, 2015. Accordingly, we determine that, for the purpose of establishing a clear legal right to the issuance of a writ of mandamus, the father cannot establish that the trial court lacked jurisdiction of the issue of the child's custody pursuant to § 30-3B-201(a). For the foregoing reasons, we deny the father's petition seeking to dismiss the actions before the trial court for lack of subject-matter jurisdiction.
2160536-PETITION DENIED.
2160537-PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that, although the order contains a date stamp of February 14, 2017, from the electronic-filing system, the order states that it was rendered on November 22, 2016. The parties do not provide an explanation of the circumstances of the filing of the order.

Although the order states that the trial will be held on "June 5, 2015," we presume the trial court intended to set the trial for June 5, 2017.